WOMBLE v. HICKSON.

Opinion delivered July 12, 1909.

DAMAGES—BREACH OF CONTRACT TO BUILD HOUSE.—Where a carpenter agreed to build a house for a sum named, all materials being furnished by the owner, and the latter refused to permit the house to be built, the carpenter is entitled to recover the sum named, less whatever amount he was able to earn during the time required to build such house.

Appeal from Montgomery Circuit Court; *James S. Steel,* Judge; affirmed.

*J. I. Alley,* for appellant.

The contract was never completed. No plans and specifications were ever attached. 15 Neb. 273. The case of 52 Ark. 117 does not apply. If the contract had been complete, the only damages recoverable would be the profit made on completion of the work. 33 Ark. 545.

*Gibson Witt,* for appellee.

The contract sufficiently describes the work to be done, without the plans and specifications. 30 A. & E. Enc. Law, p. 1197. The Rowton house was itself plans and specifications sufficient. Instruction No. 1 is the law. 9 Ark. 398; 39 *Id.* 280; 64 *Id.* 257. Where a judgment is right on the facts, it will not be reversed. 64 Ark. 238.

BATTLE, J. The following is the complaint filed in this action (omitting caption):

"Come the plaintiffs, John C. Hickson and Joe Findley, and state that on or about the 15th day of January, 1908, they, as carpenters, entered into a contract with the defendant, O. O. Womble, to build a residence for the defendant on his lot in the town of Womble, Arkansas, and that according to said contract the said defendant was to pay them the sum of $155 for the carpenter work, in a manner and at such times as was to be agreed upon at a later date. The said O. O. Womble was to furnish all material for the construction of said residence. The said contract, together with the specifications and drawings, as provided for, are filed herewith and marked exhibits "A" and "B." That the contract was entered into in good faith by all parties and signed

in the presence by both plaintiffs and defendant. They state further that the defendant, O. O. Womble, has refused to furnish them (the plaintiffs) the said carpenter work; that, according to agreement, they were to begin the work on or about January 18, 1908. That said defendant has placed other carpenters to work on said residence. That plaintiffs have been ready and willing to begin work on said house at all times since the contract was entered into, and that they have been hindered by virtue of said contract from taking other contracts or jobs of work, and that they have been damaged thereby. They pray judgment for one hundred and fifty-five dollars and for costs."

The following is a copy of the contract on which the action is based:

"This agreement, entered into this day by and between John C. Hickman and Joe Findley, house carpenters, and O. O. Womble, all of Womble, Arkansas, is and shall be as follows: The said Hickson and Findley agree to build a residence out of the material furnished by Womble, which will be a duplicate of the Monroe Rowton house in Womble, with the exception that they will build the hall 7 feet wide, will make the cornice 'square style' and build the front and back porches with flat roof to be covered with tin, and it is understood and agreed that Womble is to furnish all lumber, nails and shingles, tin and all other necessary material for the construction of said house. Hickson and Findley agree to put only first-class workmanship in this building, and agree to sandpaper and smooth all finishings such as baseboards, casing, etc. Womble agrees to pay for the carpenter work on said house to Hickson and Findley the certain sum of one hundred and fifty-five dollars ($155) in a manner and at such times as will be agreed on later, which subsequent agreements will be attached and become a part of this instrument. A drawing and specifications of said house is to be attached and become a part of this contract.

Signatures:                    "John C. Hickson,
                               "Joe Findley,
                                              "Carpenters.
                          "O. O. Womble."

The contract was written by Womble, and signed by all the parties. It was not dated. The place where the residence was

to be constructed was not specified, nor the time when it was to be built, but that was understood and agreed upon. A drawing and specifications of the house were to be attached and become a part of the contract, but this was not done, through no fault of the plaintiffs. This was not a condition of the contract, and was not necessary. The house to be built was to be a duplicate of the "Monroe Rowton house" in Womble, with certain specified exceptions, which itself furnished the plans and specifications required. Plaintiffs offered to perform their part of the contract, but were not allowed by the defendant to do so. They made diligent efforts to obtain work in the time required to build the house of the defendant, but were unable to earn in that time exceeding $48.00. The jury impaneled to try the issues in the case returned a verdict in favor of the plaintiffs for $107. It was more favorable to defendant than he was entitled to. ·

Judgment affirmed.